In the Matter of ANCHOR LIQUORS, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to CPLR article 78 to annul a determination of respondent, dated April 15, 1968, which (1) found that petitioner had engaged in another business on the licensed premises in violation of subdivision 4 of section 63 of the Alcoholic Beverage Control Law, (2) found that petitioner had advertised a liquor price in violation of subdivision 19 of section 105 of that law and (3) imposed a bond claim and suspended petitioner's retail liquor store license for 10 days. Determination confirmed insofar as it finds that petitioner violated section 63, but otherwise it is annulled, on the law, without costs, and matter remanded to respondent for reconsideration of the penalty imposed. In July, 1967, respondent's investigator inspected petitioner's premises and there saw a wine rack for sale. He took the rack and gave petitioner's president a receipt for it. Over petitioner's cash register was a sign reading, " We will take care of all your catering needs, rentals, foods, waitresses, bartenders, etcetera." In a substantial area of petitioner's cellar catering utensils were stored. In its advertisement in an August, 1967, issue of the Nassau Pennysavers, petitioner offered a named whiskey " at cost price". The advertisement stated : " In addition to its fine selection of wines and liquors, Anchor offers a number of unusual services which its customers enjoy. Of greatest interest is the free Catering Consultant service. Anchor will arrange every aspect of your party from special theme decorations to food and drink. On wine and liquor party orders, Anchor offers free use of bar and glassware. There is a wide selection of unique gift items, and gift certificates are offered in any amount. A special commercial price list is available upon request." Notwithstanding evidence that petitioner's president's wife, who was a director, officer and sales clerk of petitioner, conducted a catering business through a corporation listed at the residence of her partner, substantial evidence supports respondent's finding that petitioner violated subdivision 4 of section 63 of the Alcoholic Beverage Control Law. With respect to the admissibility

of the wine rack in evidence, that issue is not before us. Though respondent's hearing officer preliminarily referred to the wine rack in making his findings, petitioner was found guilty of having violated section 63 because it was engaged in "the catering business", not in the business of selling wine racks. The evidence at the hearing does not connect petitioner's offer of sale of the wine rack with the catering business. Moreover, assuming that the wine rack's receipt into evidence is relevant to the section 63 violation, the constitutionality of that receipt was not preserved for our review (*Matter of Leogrande* v. *State Liq. Auth.*, 19 N Y 2d 418). However, petitioner's advertisement of a whiskey "at cost price" did not violate section 105 and hence we remand the proceeding to respondent for reconsideration of the penalty imposed (*Matter of Great Eastern Liq. Corp.* v. *State Liq. Auth.*, 30 A D 2d 307). Brennan, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.